UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00579-RJC-DCK

| | |
|---|---|
| TONIA BROOKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   **ORDER** |
| | ) |
| RECEIVABLES PERFORMANCE | ) |
| MANAGEMENT LLC, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court *sua sponte*. Tonia Brooks claims that Receivables Performance Management LLC ("RPM"), a debt collector, sent her a collection letter that made a "false and misleading representation" in violation of the Fair Debt Collection Practices Act. Compl. ¶ 43, Doc. No. 1; *see* 15 U.S.C. § 1692e. RPM moved for summary judgment. Doc. No. 10. Brooks did not, but the Court is prepared to "grant summary judgment" to her, though she is "a nonmovant." Fed. R. Civ. P. 56(f)(1).

The Federal Rules of Civil Procedure authorize the Court to "grant summary judgment for a nonmovant" after "giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(1); *see also* 10A Mary Kay Kane & Adam N. Steinman, *Federal Practice and Procedure (Wright & Miller)* § 2720.1 (4th ed. Apr. 2023 update). This Order serves as **NOTICE** to the parties that the Court intends to grant summary judgment to Brooks for the reasons below.

The letter that RPM sent to Brooks exhorted her to "**ACT NOW AND SAVE MONEY**." RPM Letter, Doc. No. 1-2 (emphasis in original). The letter said that Brooks's debt of $1,754.65, which she owed to AT&T, would "be settled for less than the full original balance if [her] payment of $965.06 is received on or before 08-24-21." *Id.* But the letter also said that "a residual balance

will remain with AT&T." *Id.* Since Brooks's residual balance would remain, it is unclear how the letter's purported settlement offer would allow Brooks to "save money." *Id.* (emphasis removed). Thus, reading the letter "from the vantage of the least sophisticated consumer," *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394 (4th Cir. 2014) (internal quotation marks omitted), it appears that RPM's representation that Brooks would save money by making the partial payment was false under 15 U.S.C. § 1692e. And since an alleged opportunity to save money "could objectively affect the least sophisticated consumer's decisionmaking," that representation is also "material." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015); *see also Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015) (explaining that "a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor").

The Fourth Circuit "ha[s] never directly addressed whether application of the objective least-sophisticated-consumer test to the language of a dunning letter is a question of law," but it has "assumed that to be the case." *Russell*, 763 F.3d at 395; *see also id.* ("Here, we believe that the collection notices are so plainly false and misleading that the district court was justified in concluding, as a matter of law, that the communications violated § 1692e."); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135–39 (4th Cir. 1996) (concluding that the government was entitled to summary judgment because the least sophisticated consumer would interpret the collection letters at issue as falsely threatening legal action in violation of § 1692e(5), (10)). And here, both parties agree that the Court can decide Brooks's § 1692e claim as a matter of law. *See* Pl.'s Mem. Opp'n 11, Doc. No. 15 (stating that "this Court [can] determine, as a matter of law, without any reference to extraneous materials or evidence, that the Letter is deceptive based on the language contained in the Letter"); Def.'s Reply 1, Doc. No. 16 (agreeing that "no genuine dispute of

material fact exists, and that whether the Dunning letter at issue violated the FDCPA is wholly a question of law").

Aside from simply quoting the text of 15 U.S.C. § 1692f, Brooks's summary-judgment brief does not discuss the claim she brought under that provision. *See* Pl.'s Mem. Opp'n 8, Doc. No. 15. Her brief addresses only her § 1692e claim. Accordingly, it appears that she has waived her § 1692f claim. *See Lisa Teresa S. v. Kijakazi*, 2022 WL 3269955, at *3 n.5 (E.D. Va. July 26, 2022) ("Plaintiff's failure to develop arguments regarding these contentions waives any claim involving them."); *Hughes v. B/E Aerospace, Inc.*, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do."); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (internal quotation marks and alterations omitted)).

If the Court were to grant summary judgment to Brooks on her § 1692e claim, the Court may grant her statutory damages, attorney's fees, and costs. 15 U.S.C. § 1692k.

The parties shall have until **Friday, April 28, 2023** to respond to this Order.

**SO ORDERED.**

Signed: April 24, 2023

Robert J. Conrad, Jr.
United States District Judge